October 7, 1971

No. 71–38   Van A. Monroe, PVT, U. S. Army v Commanding Officer, Headquarters, Fort George G. Meade, Maryland 20755.

On consideration of the Petition for Writ of Mandamus and Other Appropriate Relief, it appears that the petitioner was convicted by general court-martial of several offenses in violation of the Uniform Code of Military Justice, and it further appears that the record of trial is now being reviewed by the convening authority.

The petitioner moved the convening authority for discovery of certain documents and other information regarding the purported commission by a Government witness of certain offenses subsequent to the accused's trial and the separation of that witness from the service. The petitioner proposed to use the information in connection with the brief he intended to file with the convening authority attacking the witness' credibility. The motion was denied and the petitioner now seeks Mandamus to compel the convening authority to provide the requested information.

Denial of discovery does not leave the petitioner without remedy. On direct review of the convening authority's action he can challenge the completeness and correctness of the proceedings before the convening authority. Moreover, we do not at this time know whether the convening authority will even credit the testimony of the witness in issue. The matters of which the petitioner complains, therefore, are "preserved for review at each stage of appellate review required or permitted" by the Code. Henderson v Wondolowski, Miscellaneous Docket No. 71–32, August 20, 1971.

Wherefore, it is, by the Court, this 7th day of October 1971,

ORDERED:

That said Petition for Writ of Mandamus and Other Appropriate Relief and Motion to Stay Final Action of the Convening Authority be, and the same are, hereby dismissed.

FERGUSON, Senior Judge (dissenting):

I dissent.

I disagree with my brothers' holding that the matters of which the petitioner complains are preserved for review.

Article 38(c), Uniform Code of Military Justice, 10 USC § 838, gives defense counsel the right to attach to the record "a brief of such matters as he feels should be considered in behalf of the accused." In attempting to fulfill his responsibility to the accused under this codal provision, defense counsel has requested and been denied an opportunity to review documents *in the possession of the Government* relative to the personal conduct of a Government witness who testified that he observed the accused selling heroin on August 31, 1970. The accused was convicted of the possession and sale of heroin. The witness admitted at trial that on the

above date he was himself a heroin addict, with a three- to four-bag a day habit. He claimed, however, to have abandoned the use of heroin at the time of trial in February, 1971.

The requested documents relate to the discharge from the service of this witness who, allegedly, had been charged with several violations of the Code prior to his discharge. Defense counsel contends that the requested documentation, which was not a part of the record of trial, is pertinent and necessary to his effort to bring before the convening authority matters reflecting on the credibility of the aforementioned Government witness. Denial of his request by the Government has foreclosed him from evaluating these data and has hindered his representation of accused at the initial level of review.

Inclusion in the post-trial review of matters outside the record of trial for the information of the convening authority who may, in the exercise of his discretion, disapprove all or a part of the findings, is provided for by paragraph 85b, Manual for Courts-Martial, United States, 1969 (Revised edition). The Manual, however, leaves to the staff judge advocate the authority to determine whether and the extent to which such information will be included, based on his "opinion" that it "may have a legitimate bearing on the action of the convening authority." Without the requested documents, defense counsel is foreclosed from challenging the completeness and correctness of the proceedings before the convening authority. Without these data for comparison purposes, no one in the level of appellate review, either the Court of Military Review or this Court, can determine whether the convening authority was ever fully advised of the contents of the documents.

Since I believe the petitioner has submitted a substantial basis for his request, I would grant the motion for a stay of the proceedings and order the Government to show cause within fifteen days why the prayed for writ should not be issued.